**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

December 16, 2016

Frank Greene
602 West 3rd Street
Wilmington, DE 19801

Anthony Forcina, Esquire
220 Continental Drive
Suite 205
Newark, DE 19713

> **Re:** ***Frank Greene v. Allstate Insurance Company***
> ***Case No.: N15C-03-052 VLM***

Dear Gentlemen:

For the reasons stated below, Defendant Allstate Insurance Company ("Allstate")'s Motion for Summary Judgment pursuant to Superior Court Civil Rule 56 is **DENIED**. This Court finds that there is a genuine issue of material fact that must go to a jury.

## *Relevant Facts*

Mr. Greene was involved in a motor vehicle accident on March 6, 2013. Traveling on I-95 with his eight-year-old son/passenger, Mr. Greene was hit by the tortfeasor causing his work truck to flip over.[1] As a result of the accident, Mr. Greene's 2007 Toyota Tundra was considered a total loss.

Within a week of the accident, Mr. Greene's insurance company, Allstate, sent him the first of two checks he would receive related to his property damage.

---

[1] Plaintiff owns a landscaping company and represented that this vehicle was necessary for him to continue to operate his business.

The first was for $12,864, presumably the value of the totaled vehicle at the time of the accident. On the face of this check, Allstate wrote: "In payment for Uninsured Motorists – Property Damage and Comprehensive (Regular) for Date of Loss 3/6/2013." The check lacked any indication that it was in settlement of his insurance claim from the accident. The second check, dated June 21, 2013, reimbursed Mr. Greene the amount of his property damage deductible. This check simply stated that it was in payment for "ROD."[2]

During oral arguments, Defense counsel conceded that, at the time when the first check was sent, the parties wrongfully believed that this was an uninsured motorist ("UM") claim. Allstate later discovered that the tortfeasor had insurance coverage on the date of the accident. Although the first check identified UM insurance, the funds sent to Mr. Greene were not meant to satisfy any UM claim. Allstate conceded that this was an error.

More importantly, Allstate did not send Mr. Greene a release. No documents were sent to Mr. Greene to indicate that he was forever releasing any and all claims related to his property claims. Additionally, both checks lacked any indication that Mr. Greene's deposit of either was conditioned on his assent to settle the total claim.

Given Mr. Greene's need to continue to operate his business, Mr. Greene deposited both checks in March and July 2013 respectively. Following receipt of the checks, he had no relevant contact with Allstate until filing this claim. He testified that his understanding was that he had two years to file for injuries or damages suffered as a result of this accident and was aware of this two-year time period with respect to his potential claims.

Mr. Greene filed this *pro se* claim against Allstate on March 9, 2015. Specifically, he alleges a deficiency in the amount of $9,000 to properly compensate him for his loss of property. Allstate moved for summary judgment on July 18, 2016.

### Standard of Review

Delaware Superior Court Civil Rule 56 mandates the granting of summary judgment where the moving party demonstrates that "there is no genuine issues as

---

[2] It appears from context that this in an abbreviation for "Return of Deposit."

2

to any material fact and that the moving party is entitled to judgment as a matter of law."[3] "Once the movant meets its burden, then the burden shifts to the non-movant to demonstrate sufficiently an existence of one or more genuine issues of material fact."[4] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[5] In considering the motion, "[a]ll facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[6] However, courts should not "indulge in speculation and conjecture; a motion for summary judgment is decided on the record presented and not on evidence potentially possible."[7]

## *Discussion*

Allstate relies entirely on *Price v. State Farm Mutual Automobile Insurance Co.*[8] to contend that it is entitled to dismissal on the basis that Mr. Greene unconditionally manifested acceptance of the offer to settle his insurance claim. This Court distinguishes *Price* from the facts of this case.

In *Price*, the plaintiff accepted payment from State Farm for an automobile collision. There, State Farm sent a $50,000 check to plaintiff with a standard UM settlement letter stating that the amount was in settlement of his UM claim.[9] Plaintiff deposited this check.

---

[3] DEL. SUPER. CT. CIV. R. 56(c).

[4] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488 (Del. 1995). *See also* DEL. SUPER. CT. CIV. R. 56(e); *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

[6] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986).

[7] *In re Asbestos Litig.*, 509 A.2d 1116, 1118 (Del. Super. 1986), *aff'd sub nom. Nicolet, Inc. v. Nutt*, 525 A.2d 146 (Del. 1987).

[8] 2013 WL 1213292 (Del. Super. Mar. 15, 2013).

[9] *See id.* at *3 (The enclosed letter stated: "Per our discussions on May 18, 2010, enclosed is our draft in the amount of $50,000 to settle your Uninsured Motorist claim as a result of the above accident.").

In this case, Mr. Greene had no such explanation regarding the putative settlement. The language on the face of the first check failed to indicate any intent on the part of Allstate to settle the total claim. Moreover, this check referenced a UM claim, although the monies were for property damage. The second check simply returned his deposit, but similarly offered no indication that it was in settlement of his total insurance claim.

The *Price* Court found that plaintiff's actions of depositing the check with *the accompanying letter* manifested objective assent to be bound by the terms of the defendant's offer of settlement.[10] Here, it cannot be said that there was an "offer" of any kind where Mr. Greene receives not one, but two checks. Neither suggested that they were in settlement of his claim, nor did either explain that acceptance of the checks served to resolve his claims. Distinguishable from *Price,* the focus here is on what *Allstate* represented or failed to represent to Mr. Greene regarding his property damage claim.

In a light most favorable to Mr. Greene, there is a genuine issue of material fact as to whether he accepted Allstate's offer to settle his insurance claim in March and July 2013. For the reasons stated above, Defendant Allstate's Motion for Summary Judgment is **DENIED.**

Sincerely,

Vivian L. Medinilla
Judge

---

[10] *See id.* at *6 ("Even if Plaintiff initially protested, upon receipt he deposited the check *despite clear language in the accompanying letter* stating that 'enclosed is our draft in the amount of $50,000 to settle your Uninsured Motorist claim.'").

4